[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13506
Non-Argument Calendar
_____

Agency No. A200-615-723


RAGUTHARAN PANCHALINGAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 6, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Ragutharan Panchalingam, a native and citizen of Sri Lanka, seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT).  Panchalingam argues he should be granted relief because (1) the IJ's partial adverse credibility finding is not supported by substantial evidence, (2) the IJ and BIA erred in concluding he was not entitled to CAT relief, and (3) the IJ and BIA failed to address his fear of future persecution due to an alleged pattern or practice of persecution of Tamils.[1]  After review, we deny the petition in part and remand in part.[2]

*Issue One*

We review factual determinations, which include credibility determinations, under the substantial evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006).  The substantial evidence test requires us to "view the record

---

[1] Panchalingam also contends the BIA erred by not considering his submission of evidence regarding "failed asylum seekers" as a motion to reopen, and in determining that "failed asylum seekers" do not constitute a particular social group.  However, "[a] party asserting that the [BIA] cannot properly resolve an appeal without further factfinding must file a motion for remand," which the BIA may grant "[i]f further factfinding is needed."  8 C.F.R. § 1003.1(d)(3)(iv).  Moreover, Panchalingam did not argue before the BIA that he would be persecuted on account of his membership in a particular social group, and he cannot do so for the first time on appeal.  8 U.S.C. §1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

[2] "When the BIA issues a decision, we review the BIA's decision, except to the extent that the BIA has expressly adopted the IJ's decision.  In that instance, we review the IJ's decision as well." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (citation omitted).

evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz*, 440 F.3d at 1254-55. Accordingly, for us to conclude that a finding of fact should be reversed, we must determine that the record "compels" reversal. *Id.* at 1255.

To establish eligibility for asylum relief, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b).[3] If the applicant relies solely on his testimony, an adverse-credibility determination may be sufficient to support the denial of an application. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Id.* "[T]he IJ must offer specific, cogent reasons for an adverse credibility finding." *Forgue*,

---

[3] On appeal, Panchalingam offers no argument that he fears he will be singled out for future persecution on account of a protected ground. Accordingly, he has abandoned any claim as to individualized future persecution. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

401 F.3d at 1287.[4]  Once the finding is made, "[t]he burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence."  *Id.* (quotations omitted).

The record evidence does not compel reversal of the IJ's and BIA's determination that Panchalingam's claim regarding past persecution lacked credibility.  *Ruiz*, 440 F.3d at 1255.  While Panchalingam testified in conclusory fashion that the Sri Lankan army soldiers targeted him because he was Tamil, he offered no further evidence that he was persecuted on account of a statutorily protected ground.  Panchalingam himself testified that he was not active in any social group, religion, or political party.  Moreover, the IJ provided specific and cogent reasons for finding Panchalingam's claim that he was harmed in Sri Lanka not credible, including, *inter alia*, Panchalingam's confusing and vague testimony and his scripted demeanor.  Panchalingam has not met his burden to rebut those reasons.  *Forgue*, 401 F.3d at 1287.  Based on the foregoing, the BIA did not err in affirming the denial of Panchalingam's application for asylum on the basis of past persecution.

---

[4] Pursuant to the REAL ID Act of 2005, for applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including:  (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports.  8 U.S.C. § 1158(b)(1)(B)(iii).

*Issue Two*

The BIA's conclusion that Panchalingam was not entitled to CAT relief was also supported by substantial evidence in the record.  Panchalingam testified in conclusory fashion that, if he returned to Sri Lanka, he was in danger of being attacked again by the army and by an individual named Mohan.  However, Panchalingam offered no further evidence of such danger, and thus did not show it was more likely than not that he would be tortured if removed.  *See* 8 C.F.R. § 1208.16(c)(2).

*Issue Three*

An applicant is deemed to have a well-founded fear of persecution and does not need to show individualized persecution if:  (1) there is a pattern or practice in the applicant's country of nationality "of persecution of a group of persons similarly situated to the applicant on account of" a protected ground; and (2) "[t]he applicant establishes his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable." 8 C.F.R. § 208.13(b)(2)(iii).

Panchalingam contends he proved his eligibility for asylum and withholding of removal based on the "pattern or practice" of persecution of Tamils in Sri Lanka.  Although Panchalingam raised his "pattern or practice" claim before the IJ and the BIA, neither the IJ nor the BIA addressed this theory.  We remand to the

BIA for the limited purpose of addressing the merits of Panchalingam's pattern or practice claim.

**PETITION DENIED IN PART** as to the claims based on past persecution and as to the CAT claim, and **REMANDED IN PART** as to the claims based on Petitioner's fear of future persecution due to an alleged pattern or practice of persecution of Tamils.